Dorsey **TURNER**

v.

**NELSON–DYKES CO., INC.**

**Civ. A. No. CA–3–78–0264–G.**

United States District Court, N. D. Texas, Dallas Division.

Oct. 19, 1978.

Joseph O. Collins, Jr. of Kessler & Collins, Dallas, Tex., for plaintiff.

Patricia A. Hill, Dallas, Tex., for defendant.

## ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

Nelson-Dykes Co., Inc. seeks dismissal urging that this court lacks jurisdiction because Dorsey Turner's charge filed with the Equal Employment Opportunity Commission was unsworn. Defendant's motion to dismiss is DENIED. Defendant relies upon *EEOC v. Appalachian Power Co.*, 568 F.2d 354 (4th Cir. 1978), where dismissal of the EEOC's suit was based on the 1972 amendments which placed the same "oath or affirmation" requirement on charges filed by a commissioner of the EEOC as demanded for charges filed by a person aggrieved. The 1972 amendments do not demand departure from the Fifth Circuit's principle concerning unsworn charges filed by persons aggrieved and the holding of *Appalachian* conflicts with cases in this circuit. That is, the Fourth Circuit would perforce have reached the same result before the 1972 amendments if confronted by an unsworn charge of a person aggrieved.

Before the 1972 amendments, the statute authorized EEOC action upon a charge of violation of the statute:

> (a) . . . in writing under oath by a person claiming to be aggrieved, or [where] a written charge has been filed by a member of the commission where he has reasonable cause to believe a violation of this title has occurred. 42 U.S.C.A. § 2000e–5.

After the 1972 amendments, the requirements for a charge read:

> . . . charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the commission requires.

The 1972 amendments required that all charges, including those filed by a member of the commission, be affirmed or sworn to. There is nothing in their legislative history to suggest that Congress intended to do more than extend to commission members the requirement that charges be sworn. The Fourth Circuit in *Appalachian Power* finding the statutory requirement unambiguous saw no reason to look to legislative history. Yet the requirement as to individuals was equally unambiguous before the 1972 amendments. The language of the amendment is "shall" and the earlier language was "whenever." Certainly "shall" is a mandatory requirement, but no more than "whenever." One weakness in the *Appalachian* analysis is that the statute before or after the 1972 amendments did not deal with the consequences of noncompliance even in an ambiguous manner. This circuit in *Weeks v. Southern Bell Telephone & Telegraph Co.*, 408 F.2d 228, 231 (5th Cir. 1969) and in *Georgia Power Co. v. EEOC*, 412 F.2d 462 (5th Cir. 1969) found the oath requirement for persons aggrieved to be directory but held that noncompliance did not deprive a federal court of jurisdiction. These decisions followed the strong language of Judge Swygert writing for the Seventh Circuit in *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (1968). Nor does legislative history of the 1972 amendments dilute the force of Chief Judge Brown's language in *Jenkins v. United Gas Corp.*, 400 F.2d 28, 30 n. 3 (5th Cir. 1968):

> "The legislative history is silent on the requisites of the charge. This is not unusual since the charge is the catalyst which starts the informal conciliation proceedings of EEOC. It is in keeping with the purpose of the Act to keep the procedures for initiating action simple. * * * For a lay-initiated proceeding it would be out of keeping with the Act to import common-law pleading niceties to this 'charge,' or in turn to hog-tie the subsequent lawsuit to any such concepts. All

that is required is that it give sufficient information to enable EEOC to see what the grievance is all about." *Jenkins v. United Gas Corp.,* 400 F.2d 28, 30 n. 3 (5th Cir. 1968).

In sum, I am unwilling to find that the 1972 amendments that required commission members to swear to charges compels any retreat from the valued reasoning of this circuit in its treatment of the consequences of unsworn charges filed by aggrieved persons.

The construction of remedial legislation whose interstices Congress has anticipated will be judicially supplied ought not be made in a semantical vacuum. The result in *Appalachian* is paradigmatic of this approach. Defendant attempts to avoid the blind harshness of *Appalachian* by noting that the Fifth Circuit view is an example of hard cases making bad law. If these bromides add anything, it would be here more accurately stated as bad law makes hard cases.