UNITED STATES EQUAL EMPLOY-
MENT OPPORTUNITY
COMMISSION, Plaintiff,

v.

CALUMET PHOTOGRAPHIC,
INC., Defendant.

No. 88 C 1702.

United States District Court,
N.D. Illinois, E.D.

June 8, 1988.

Mary B. Manzo, Kathleen Mulligan, John P. Rowe, E.E.O.C., Chicago, Ill., for plaintiff.

James D. Fiffer, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff, the Equal Employment Opportunity Commission ("the EEOC" or "the Commission") filed this Title VII action [1] against defendant Calumet Photographic, Inc. ("Calumet") for allegedly retaliating against Ms. Patricia Clark ("Clark") because she filed a charge of discrimination against Calumet. Calumet has moved for summary judgment—originally to dismiss, but the parties have consented to a conversion pursuant to Fed.R.Civ.P. 12—on the grounds that this court lacks subject matter jurisdiction over this action. For the reasons set forth below, the motion will be denied.

## FACTS

For the purposes of this motion, the relevant facts are not in dispute. On January 21, 1985, Clark went to the Chicago District Office of the EEOC without an attorney and, after completing and signing EEOC Form 283 ("the Intake Questionnaire"), met with Investigator Reinaldo Lugo ("Lugo"). During the meeting, Lugo reviewed the Intake Questionnaire and determined that it was sufficient to constitute a Title VII charge. Clark said that she wanted to file a charge against Calumet at that time. Lugo had Clark sign the interview notes of the meeting, and told Clark that her charge would be filed. Lugo also told Clark that a formal EEOC charge form would be mailed to her for her review and signature.

After the interview, Lugo completed EEOC Form 155 ("Charge and Complaint Analysis"), noting on it that Clark's charge was received by the EEOC on January 21, 1985, and was ready for processing. In the following weeks, Lugo served Calumet with formal notice of the charge. Upon receiving this notice, Calumet terminated Clark.

Lugo also mailed to Clark a letter and a typed draft of her charge on a formal charge form for her to sign. Clark thereafter spoke with Lugo, explaining to him that she wanted to make some changes in the charge. Lugo told her to write the charge however she wanted it. Clark did so, and mailed her new version to Lugo in late March. Although Clark signed her name at the bottom of the letter, she did not sign the formal charge form, which states that the signature is given under oath or affirmation.

On September 25, 1987, after having determined that there was reasonable cause to believe that Calumet had violated Title VII, the EEOC issued a Letter of Determi-

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

nation and sought conciliation with Calumet. These efforts were unsuccessful, and on April 14, 1988, the EEOC filed this lawsuit.

Calumet subsequently learned that Clark had never verified under oath or affirmation any of her written correspondences with the EEOC. It thus moved to dismiss under Federal Rules 12(b)(1) and 12(b)(6) on the grounds that, without such a verified charge, the EEOC, and therefore this court, had no jurisdiction over Clark's Title VII claims. The EEOC insisted in a letter to Calumet that a verified charge was not a jurisdictional prerequisite and that the signed but unverified Intake Questionnaire constituted a charge under Title VII. It also had Clark verify her original Intake Questionnaire, and provided a copy of this verified form to Calumet. Nevertheless, Calumet contends that the amended version comes to late, and stands on its argument that this court lacks subject matter jurisdiction over this case.

## DISCUSSION

Calumet bases its argument that Clark's failure to initially file a verified charge deprives this court of jurisdiction on a recent decision of Judge Shadur. In *Proffit v. Keycom Electronic Publishing*, 625 F.Supp. 400 (N.D.Ill.1985), Judge Shadur ruled that a private plaintiff was barred from bringing a Title VII action in district court because she had not filed a timely verified charge with the EEOC. Because Judge Shadur's ruling has been cited with approval by the Seventh Circuit, *Gilardi v. Schroeder*, 833 F.2d 1226 (7th Cir.1987) (expressly declining to decide whether Intake Questionnaire can suffice as a charge), and because the meaning of his

opinion is complicated by his modification of it following a motion for reconsideration, his ruling merits a careful examination here.

In his original opinion, Judge Shadur pointed to statutory language alone in holding that an unverified Intake Questionnaire could not serve as a charge under Title VII. 42 U.S.C. § 2000e–5(b) ("subsec. 5(b)") states in pertinent part:

Charges shall be in writing under oath or affirmation and shall contain such information and shall be in such form as the Commission requires.

At the same time, 42 U.S.C. § 2000e–5(e) ("subsec. 5(e)") provides in part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred....[2]

Judge Shadur reasoned that, since subsec. 5(b) *defines* a charge as a verified writing, and subsec. 5(e) requires that the charge be filed within 180 days of the alleged Title VII violation, the plaintiff's failure to file a verified charge within 180 days barred her action. *Proffit v. Keycom Electronic Publishing*, 625 F.Supp. at 403.

In so holding, Judge Shadur noted that EEOC regulations suggested a different result. Section 1601.12(b) of the Regulations, 42 C.F.R. § 1601.12(b) ("subsec. 1601.12(b)"), provides in pertinent part:

Notwithstanding the provisions of paragraph (a) of this section [which sets forth what a charge "should contain"][3], a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.

2. In *Proffit*, as in the instant case, the limitation period is really three hundred days, because Illinois is a "deferral state" and subsec. 5(e) provides that, in deferral states, a three-hundred-day period applies. Nevertheless, the extended period does not alter the reasoning in *Proffit* or the result here, so the one-hundred eighty-day period is employed for the sake of simplicity.

3. Section 1601.12(a) lists the following information that charges "should contain": (1) the

name, address, and telephone number of the person making the charge; (2) the name, address, and telephone number of the person against whom the charge is made; (3) a clear and concise statement of facts underlying the claim, including relevant dates; (4) the approximate number of individuals employed by the respondent; (5) a statement as to whether proceedings have been commenced before a state or local fair employment practices agency.

A charge may be amended to cure technical defects or omissions, *including failure to verify the charge* or to clarify and amplify allegations made therein. Such amendments ... will *relate back to the date the charge was first received.* (Emphasis added.)

Judge Shadur acknowledged that plaintiff's Intake Questionnaire sufficed to satisfy subsec. 1601.12(b)'s definition of a charge. He also noted that plaintiff had subsequently filed a formal verified charge which, although outside the limitation period, would have cured the defect in the original charge and related back to the date of that charge under the regulations. Nevertheless, the judge ruled that the regulations were inconsistent with the statutory definition of a charge, and therefore that they could not rescue plantiff's case. Because the plaintiff's original Intake Questionnaire was unverified, the judge ruled, she had not filed a "charge" within the statute's limitation period. *Id.*

Judge Shadur next dealt with the Supreme Court's clear holding in *Zipes v. TWA,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." He held that, because the EEOC had not treated the plaintiff's filing of her Intake Questionnaire as a charge, and because plaintiff had had plenty of time to file a formal verified charge but had neglected to do so, the limitation period was not tolled. 625 F.Supp. at 404. Accordingly, Judge Shadur ruled that plaintiff's suit was barred by the statute of limitations.

Calumet relies on Judge Shadur's ruling to argue that Clark failed to file a statutory "charge" within the limitation period, and that her subsequent amendment of her Intake Questionnaire could not cure this defect. Calumet does not, however, attempt to distinguish *Proffit* from the instant case with respect to the tolling issue; instead, by moving to dismiss for lack of jurisdiction, rather than asserting the statute of limitations as an affirmative defense, Calumet seems to ignore an important part of Judge Shadur's ruling.

Nevertheless, Calumet does have a reasonable basis for its approach. In *Bullard v. Sercon Corporation,* 846 F.2d 463 (1988), the Seventh Circuit held that, although the failure to file a *timely* charge provides the defendant with a statute of limitations affirmative defense, the failure to file *any* charge at all is jurisdictional in nature. In this case, at the time the EEOC filed its action, Clark had not yet "amended" her Intake Questionnaire, so if Judge Shadur's conclusion—i.e. a written allegation simply is not a charge if it is unverified—is correct, then Clark, at least, would be unable to bring a lawsuit against Calumet.

Yet, another glaring problem with Calumet's reliance on Judge Shadur's ruling cannot be so easily remedied by this court. Although Calumet relied on Judge Shadur's reasoning in his original opinion, 625 F.Supp. at 400–409, Judge Shadur subsequently revised that opinion. 625 F.Supp. 409–411.

Following a motion to reconsider by the plaintiff, Judge Shadur noted that neither of the parties had previously cited to him the Seventh Circuit's opinion in *Choate v. Caterpillar Tractor Company,* 402 F.2d 357 (7th Cir.1968). *Proffit v. Keycom Electronic Publishing,* 625 F.Supp. at 409. In *Choate,* the Court had held that the plaintiff's failure to verify an EEOC charge against the defendant did not deprive the district court of jurisdiction over her lawsuit because the oath requirement applied only to the administrative portion of the statute, and the EEOC had waived compliance with that requirement by accepting the plaintiff's written but unverified allegations as a charge.

With the benefit of *Choate*[4], Judge Shadur amended his earlier opinion, though not

---

4. As Judge Shadur discussed in some detail, *Choate* was decided before the 1972 amendments to Title VII. In the course of amending the statute to permit the EEOC to bring lawsuits in federal court on behalf of persons who had filed charges with it, Congress altered substan-

his result. He determined that the plaintiff was still barred from bringing her lawsuit because, although the EEOC could turn an unverified complaint into a charge by waiving the oath requirement, it had not done so. Indeed, the EEOC had taken no action at all on the plaintiff's filing of her Intake Questionnaire, and had instead placed the Intake Questionnaire in a suspension file and informed the plaintiff that she had to file a verified charge to initiate EEOC action. Since the plaintiff had failed to do so within the limitation period, she was barred from bringing her action to federal court.

Although unstated, Judge Shadur's amended ruling stands for the proposition that the oath requirement is not part of the *definition* of a charge, but rather is part of the requisites for a *perfected* charge. The definition of a charge is left to the EEOC and its regulations. The form and contents of a perfected charge are also left to the EEOC, with one exception: Subsection 5(b) mandates that, to be a perfected charge, the charge must be verified. The plaintiff in *Proffit* was barred from bringing her action not because her unverified Intake Questionnaire *could* not have amounted to a charge, but instead because the EEOC had not treated it as one; since it was not a charge, her later efforts to perfect it were futile.

This construction of the statutory scheme reconciles *Proffit* with those cases, before and after it, which have addressed the sufficiency of unverified filings for the purposes of Title VII's limitation period. Every court to address the issue has agreed that, where the EEOC considers a private party's filing to be a charge, the filing *is* a charge which tolls the statute. *See Casavantes v. California State University, Sacramento,* 732 F.2d 1441 (9th Cir. 1984); *Price v. Southwestern Bell Telephone Co.,* 687 F.2d 74, 77, 79 (5th Cir. 1982); *Buffington v. General Time Corp.,*

677 F.Supp. 1186, 1193 n. 8 (M.D.Ga.1988); *Hamel v. Prudential Insurance Co.,* 640 F.Supp. 103 (D.Mass.1986); *Gilardi v. Shroeder,* No. 83 C 5672 (N.D.Ill. March 30, 1984), *aff'd on other grounds,* 833 F.2d 1226 (7th Cir.1987); *EEOC v. U.S. Fidelity & Guaranty Co.,* 420 F.Supp. 244 (D.Mary. 1976); *cf. EEOC v. Sears, Roebuck & Co.,* 504 F.Supp. 241 (N.D.Ill.1980) (unverified charge by Commissioner tolls statute).

Still, had Clark brought this lawsuit, a problem would remain. As explained above, although subsec. 5(b) does not *define* a "charge", it does require an "oath or affirmation" to *perfect* a charge. A charge which is neither filed under oath or affirmation, nor subsequently amended to cure this defect, fails, it seems, to satisfy this statutory mandate. Since Clark did not verify her Intake Questionnaire—her charge—before this lawsuit commenced, were she the plaintiff in this action, Calumet's motion might well succeed.

Fortunately for Clark, however, she is not the plaintiff here. The EEOC, after investigating Clark's allegations, instituted this lawsuit on her behalf. Although Calumet insists that, if Clark could not bring this action, then the EEOC cannot, the wording of the statute, and the policies underlying it, strongly suggest otherwise.

42 U.S.C. § 2000e–5(f)(1) provides, in pertinent part:

If within thirty days after *a charge is filed* with the Commission ... the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge ... If a charge filed with the Commission *pursuant to subsection (b) of this section* is dismissed by the Commission, ... the Commission ... shall so notify the person

---

tially the wording of the oath requirement for EEOC charges. Thus, *Choate,* on its own cannot be deemed binding precedent in the instant action. Nevertheless, Judge Shadur found, and this court agrees, that *Choate* provides useful guidance in the interpretation of the amended statute. *See also EEOC v. U.S. Fidelity & Guar-*

*anty Co.,* 420 F.Supp. 244 (D.Mary.1976) (discussing the effect of the 1972 amendments on pre-amendment cases holding that the oath requirement did not bar a plaintiff from bringing a lawsuit where he had amended his charge to supply the oath after the one-hundred eighty-day period had expired).

aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved.... (Emphasis added.)

Thus, the statute distinguishes on its face between actions brought by the EEOC and those brought by persons who have filed charges with the EEOC. Whereas the statute suggests that a private person who wishes to sue on a charge deemed meritless by the Commission must perfect her charge pursuant to the requirements of subsec. 5(b), the statute permits the Commission to bring a lawsuit on behalf of a person who has filed a charge irrespective of whether the charge has been perfected.

This reading of the statute does more than split hairs. The requirements of subsec. 5(b), including the "oath or affirmation" mandate, serve to protect both the EEOC *and the employer* from the harrassment of frivolous charges. *EEOC v. U.S. Fidelity & Guaranty Co.*, 420 F.Supp. at 248–49. Thus, although verification within the one-hundred and eighty day period is not necessary to initiate *EEOC investigation*, or toll the limitation period when the EEOC is willing to accept an unverified writing as a charge, it should still be required before the private plaintiff pursues the charge against the employer *in federal court.*

On the other hand, if the EEOC determines upon investigation that the charge has merit, requiring an amendment adding the oath or affirmation is unwarranted. The employer will have received notice of the charge from the EEOC, and will be assured that the charge is neither frivolous nor harrassing by the EEOC's determination that the charge has merit. To rule that the absence of a verification stands as a bar to further EEOC action would be to ignore the EEOC's special role in the Title VII enforcement regime.

This special role is illustrated in the line of cases which have clearly established that the EEOC need not limit its investigation and subsequent court action to the allegations in a subsec. 5(b) charge. The EEOC can take action to remedy any discrimination it uncovers during its investigation of the charge. *EEOC v. St. Anne's Hospital of Chicago, Inc.*, 664 F.2d 128, 131 (7th Cir.1981); *see also Barbrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 864 (7th Cir.1985). The fact that the original charge does not specify the particular discriminatory practice the EEOC later uncovers does not preclude the EEOC from later bringing suit against this practice, provided that the EEOC finds reasonable cause to believe the discriminatory practice exists and seeks conciliation pursuant to subsec. 5(e). *EEOC v. St. Anne's Hospital of Chicago, Inc.*, 664 F.2d at 131.

These cases amply demonstrate the importance of the EEOC in the Title VII framework, and confirm this court's interpretation of the statute. Although a charge is essential to start the EEOC machinery in motion, and a verified charge may be necessary for a private plaintiff to bring an action where the EEOC finds the charge lacking in merit, the form and contents of the charge, including the oath requirement, do not serve as a barrier to EEOC action where the EEOC itself determines that the employer may have acted in derogation of the statute.

In this case, Clark's Intake Questionnaire, along with the other information she provided to Lugo and her signature of Lugo's notes, were deemed and treated as a charge initiating EEOC action. The EEOC notified Calumet of the charge, and undertook a thorough investigation to determine if the charge had merit. The Commission found that, although there was not reasonable cause to proceed on the allegations in Clark's original charge, there was reasonable cause to believe that Calumet had fired Clark because she had filed the very charge which Calumet now contends was not really a charge at all.

To grant Calumet's motion would be to turn Title VII on its head. If the EEOC's allegations are true, Clark has lost her job because she sought to protect her rights under the statute. She did everything that the EEOC asked her to do, and she must now rely on the EEOC to vindicate her

rights by pursuing this lawsuit in federal court. Nothing in the language or policy of the statute requires this court to ignore her plight and to allow Calumet to escape this action through the mere fortuity that Clark did not verify allegations which the EEOC found sufficient and which resulted in the uncovering of possibly unlawful activity.

## CONCLUSION

Accordingly, Calumet's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure is denied.