**Jane R. DANLEY, Plaintiff,**

v.

**BOOK–OF–THE–MONTH CLUB, INC., Defendant.**

**Civ. Action No. 1:CV–95–2189.**

United States District Court, M.D. Pennsylvania.

April 19, 1996.

James A. Johnson, Lemoyne, PA, for plaintiff.

Elizabeth A. Dougherty, Brian F. Jackson, McNees, Wallace & Nurick, Harrisburg, PA, for defendant.

*MEMORANDUM*

CALDWELL, District Judge.

This action arises out of Plaintiff's employment with the Defendant, Book–of–the–Month Club, Inc. ("BOMC"). Plaintiff contends that BOMC discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In the instant motion, BOMC contends that Plaintiff's complaint must be dismissed because she failed to comply with the statutory prerequisites for filing the instant action. For the reasons set forth below, BOMC's motion will be granted.[1]

---

1. Plaintiff filed an earlier action in this court which we dismissed because she had not, at that time, secured a right to sue letter from the

EEOC. *Danley v. Book–of–the–Month Club, Inc.,* No. 1:CV–94–1174 (M.D.Pa. Aug. 15, 1995).

## I. BACKGROUND

The procedural background of this action is not in dispute. On July 26, 1993, Plaintiff sent correspondence to the Equal Employment Opportunity Commission ("EEOC"), indicating that she sought to lodge a formal complaint against BOMC and requesting that her charge be filed with the Pennsylvania Human Relations Commission. She submitted no further documentation to the EEOC and no action was taken by the EEOC until September 29, 1995, when it issued a right to sue letter.[2]

## II. LAW AND ANALYSIS

Prior to commencing an action under Title VII, a plaintiff must first file a charge with the EEOC alleging that the employer engaged in a discriminatory employment practice. The charge "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). The EEOC then conducts an investigation of the charge to determine whether there is "reasonable cause to believe that the charge is true...." *Id.* If it finds reasonable cause, it must "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* If, however, it finds that no such reasonable cause exists, or more than 180 days elapse from the filing of the charge, it must dismiss the charge and issue a right to sue letter. *Id.* The plaintiff then has 90 days to file a lawsuit against his or her employer. 42 U.S.C. § 2000e–5(f)(1).

Here, Plaintiff filed an unverified charge with the EEOC on July 26, 1993. On September 29, 1995, the EEOC issued a right to sue letter and plaintiff commenced this action. BOMC contends that Plaintiff's failure to verify her charge prior to the EEOC's issuance of the right to sue letter mandates dismissal of her claim. Plaintiff argues that the only requirements for maintaining a Title VII claim are: (1) the filing of a charge; and (2) the issuance of a right to sue letter, and that verification is a procedural requirement for the EEOC rather than a prerequisite to a subsequent civil action. She avers that she filed a "charge", notwithstanding her failure to verify it, and is therefore entitled to prosecute a Title VII action.

In support of her contention that verification is a procedural requirement, Plaintiff relies upon 29 C.F.R. § 1601.12(b), which provides that

> a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. *A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein.*

29 C.F.R. § 1601.12(b) (emphasis added). Plaintiff contends that because she can amend her charge to verify it, her failure to do so is simply a technical defect and insufficient to preclude her from pursuing a claim.

■■■ We agree that, under section 1601.12(b), a plaintiff can verify his or her charge while the EEOC is investigating the claim. However, in the instant case the charge was not amended prior to the date the EEOC issued its right to sue letter and closed its file. Thus, we are faced with an issue of first impression in this circuit: whether a private litigant can maintain an action under Title VII where the underlying charge that was filed with the EEOC was not made under oath or affirmation and was not subsequently verified during the pendency of the charge before the EEOC.[3]

---

**2.** It is not clear from the record why the EEOC took no action on Plaintiff's complaint for over two years. Pursuant to 42 U.S.C. § 2000e–5(b) and 29 C.F.R. § 1601.14(a), the EEOC must file a copy of a charge on a respondent within 10 days after it is filed. However, BOMC was not served with a notice of charge until September 29, 1995, the same day the EEOC issued its right to sue letter. While we are unsure of what occurred at the EEOC, it does not alter the fact that Plaintiff's claim fails to comply with the statutory prerequisites of Title VII.

**3.** Notwithstanding Plaintiff's assertions, the Third Circuit did not address this issue in *Rabzak v. Berks County*, 815 F.2d 17 (3d Cir.1987). That case arose under the Age Discrimination in Employment Act which, unlike Title VII, does not

Our review of the caselaw reveals only three cases that have addressed this issue directly and one that discussed it in dicta. *See Balazs v. Liebenthal*, 32 F.3d 151 (4th Cir.1994); *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir.1968); *Bacon v. Allstate Insurance Co.*, No. 93–1701, 1995 WL 360736 (N.D.Ill. June 14, 1995); *EEOC v. Calumet Photographic, Inc.*, 687 F.Supp. 1249 (N.D.Ill.1988).

In *Balazs*, the plaintiff failed to verify his charge with the EEOC. Subsequently, a right to sue letter was issued and plaintiff commenced a civil action against his employer. The action was dismissed due to the plaintiff's failure to comply with the statutory requirements for a Title VII action (i.e., the filing of a charge "under oath or affirmation"). In affirming the opinion of the district court, the Fourth Circuit stated that

a reasonable construction of [29 U.S.C. § 1601.12(b)] would simply allow charges to be verified and to relate back only so long as the charge is a viable one in the EEOC's file, but that where, as here, a right to sue letter has been issued, a suit has been instituted and the EEOC has closed its file, there is no longer a charge pending before the EEOC which is capable of being amended.

*Balazs*, 32 F.3d at 157.

Similarly, the plaintiff in *Bacon* failed to verify her charge with the EEOC prior to the time it issued a right to sue letter. The court granted the defendant's motion for summary judgment and rejected the argument raised by Plaintiff in this case:

the statute's "oath or affirmation" requirement is a "technical rather than mandatory and substantive provision" during the filing and processing of a charge by the EEOC; however, the statutory requirement becomes a mandatory, substantive provision that is a prerequisite to maintaining a Title VII lawsuit once the EEOC has issued a right to sue letter and thereby terminated its investigation and conciliation processes. Under this rule, the "oath or affirmation" requirement does not affect whether a val-

id charge has been filed with the EEOC so as to trigger the EEOC's investigation and conciliation processes; it does, however, affect whether a valid charge has been filed for the purposes of maintaining a Title VII lawsuit.

*Bacon*, 1995 WL 360736, at *7. Finally, in *Calumet Photographic*, the court stated, in dicta, that "[a] charge which is neither filed under oath or affirmation, nor subsequently amended to cure this defect, fails, it seems, to satisfy this statutory mandate [42 U.S.C. § 2000e–5(b)]." *Calumet Photographic*, 687 F.Supp. at 1252.

We agree with the reasoning and conclusions of these cases and hold that a private litigant cannot maintain a Title VII claim where his or her EEOC charge was not verified prior to the EEOC's issuance of a right to sue letter. When the EEOC has issued its right to sue letter and closed its file, it is not possible for a plaintiff to verify a previously unsworn charge.

Our conclusion is based primarily on two factors. First, it comports with the clear language of the statute, which provides that the charge "*shall* be in writing under oath or affirmation . . . ." 42 U.S.C. § 2000e–5(b). In addition, the rule we adopt today helps safeguard employers from defending frivolous charges. "[T]he purpose of verification is to protect the employer from having to respond to frivolous charges, but that protection is lost once the right to sue letter is issued and the employer is served with a lawsuit." *Balazs*, 32 F.3d at 157; *see also Calumet Photographic, Inc.*, 687 F.Supp. at 1253.[4] Where as here, the employer is not notified of the existence of a charge until after a right to sue letter has been issued, the employer is unfairly prejudiced. *See Balazs*, 32 F.3d at 158 (employer "may have welcomed the opportunity to respond to the charge and engage in efforts at conciliation as contemplated by the statutes, but it was never given the chance").

The only case that arguably supports Plaintiff's argument is *Choate*. In that case, the court held that the failure of a plaintiff to

---

specifically require the complaining party to verify her charge. *See* 29 C.F.R. § 1626.6.

4. This is not to say that we view Plaintiff's charge here as frivolous.

verify her charge was a "technical defect" that was waived by the EEOC's issuance of a right to sue letter. *Choate,* 402 F.2d at 359. However, we find *Choate* unpersuasive for several reasons.

First, *Choate* was decided prior to the 1972 amendments to Title VII, wherein Congress substantially changed the wording of the oath requirements for EEOC charges: "[t]he amendment transformed the requirement from prefatory language (i.e., "[w]henver it is charged in writing under oath by a person claiming to be aggrieved ... the Commission shall ...") into a clearly stated statutory prerequisite (i.e., "[c]harges shall be in writing under oath or affirmation")." *Bacon,* 1995 WL 360736, at *9 n. 8 (citation omitted) (alteration in original); *see also Calumet Photographic,* 687 F.Supp. at 1251–52 n. 4. In addition, courts within the Seventh Circuit have distinguished *Choate* from cases where the plaintiff failed to verify a charge before issuance of a right to sue letter. *See Bacon,* 1995 WL 360736, at *9 n. 8. In any event, to the extent that *Choate* does apply to the facts of the instant case, we reject that decision for the reasons set forth.

Because Plaintiff failed to comply with the statutory mandates for pursuing an action under Title VII, BMOC's motion to dismiss must be granted.[5]

An appropriate Order will issue.

---

[5]. Plaintiff also suggests that we cannot hold her responsible for the EEOC's failure to act on her 1993 charge. However, Plaintiff is not being penalized for the conduct of the EEOC but for her own failure to comply with the provisions of Title VII. Plaintiff is represented by counsel now and was represented by counsel when she initial-ly corresponded with the EEOC. However, she never sought to amend her charge to include a verification prior to issuance of the right to sue letter, *even after being notified of the defect in the previous action she filed here. Danley v. Book-of-the-Month Club, Inc.,* No. 94–1714, at 8 (M.D.Pa. Jul. 13, 1995) (Smyser, M.J.).