Reversed in Part, Affirmed in Part, and Remanded; Majority Opinion
filed April 28, 2011, Withdrawn and Majority Opinion filed May 3, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

__________________

 

NO. 14-10-00152-CV

___________________

 

Texas Department of Transportation,
Appellant

 

V.

 

Mathew Esters, Appellee



 



 

On
Appeal from the 333rd District Court

Harris County,
Texas



Trial Court Cause No. 2006-43005

 



 

 

MAJORITY OPINION[1]

            A
former employee of a state agency filed suit against the agency asserting
various claims, including retaliation claims under Title VII,[2] section 21.055 of
the Texas Labor Code,[3]
and sections 1981 and 1983 of Title 42 of the United States Code.[4]  The trial court
denied the agency’s request that these retaliation claims be dismissed for lack
of subject-matter jurisdiction based on the employee’s alleged failure to
exhaust administrative remedies.  On interlocutory appeal, we conclude that the
trial court has jurisdiction over the employee’s retaliation claims under
section 21.055 and Title VII to the extent they are based on alleged
retaliation against him for filing a charge of discrimination in March 2006. 
We conclude that the trial court lacks jurisdiction over (1) the employee’s
section 21.055 claims and Title VII claims to the extent they are based on
alleged retaliation against the employee for reasons other than the filing of
this charge, and (2) the employee’s remaining claims against the state agency under
sections 1981 and 1983 of Title 42 of the United States Code.  Accordingly, we
reverse in part, affirm in part, and remand for further proceedings consistent
with this opinion.

I.  Factual
and Procedural Background

Appellee/plaintiff
Mathew Esters was a longtime employee of appellant/defendant Texas Department
of Transportation (hereinafter, the “Department”).  On March 3, 2006, Esters
filed a charge of discrimination with the Texas Workforce Commission Civil
Rights Division (hereinafter, the “Commission”) and with the Equal Employment
Opportunity Commission (hereinafter, the “EEOC”).  In this charge, Esters, an
African American, alleged racial discrimination and asserted the following:

·       
From the time Esters’s supervisor, Stanley Yin, began his employment
with the Department on or about 1993, Esters has been denied promotions given
to less-qualified employees who were not African American.  

 

·       
Since approximately 1993, Esters has been subject to racial
harassment from Yin in the form of inappropriate comments.

 

·       
When Esters was denied promotions, Yin would tell him that he was
not promoted because he “didn’t measure up.”  Yin also told Esters that he
would not be promoted as long as Esters was working at the Department.

 

·       
Esters believes he was discriminated against because of his race
in violation of Title VII.

 

Four
weeks after filing this charge, Esters left the Department’s employment by
taking early retirement.  The EEOC processed Esters’s charge of discrimination
for itself as to the Title VII claims and for the Commission as to any claims
under Chapter 21 of the Texas Labor Code.  The EEOC conducted an
investigation.  On April 28, 2006, the EEOC closed its file on this charge
because, based on its investigation, it was unable to conclude that the information
obtained established violations of the statutes.  The EEOC gave Esters a notice
of his right to sue the Department within ninety days of Esters’s receipt of
the notice.  On May 12, 2006, the Commission gave Esters notice of his right to
sue the Department in state court within sixty days of his receipt of the
notice.  

The
following month, on June 6, 2006, Esters filed a charge of discrimination with
the EEOC (the “Second Filing”).  Esters did not characterize the Second Fling
as a new charge of discrimination; instead, Esters filed this charge under the
same charge number as the March 3, 2006 charge and stated that the filing was
an amendment of the prior charge.  In the Second Filing, Esters alleged both
racial discrimination and retaliation.  In this filing, Esters stated that he
was amending his prior charge to include the following allegations:

·       
From 1993 until Esters’s constructive discharge in 2006, Esters
was denied promotions, paid less, and subjected to racial innuendos by his
superior.

 

·       
Esters was subjected to a racially hostile work environment. 
Yin, his supervisor wanted him to celebrate Confederate Heroes Day instead of
the Martin Luther King holiday.

 

·       
Yin told him he was not promoted because he “didn’t measure up”
and “was a Black token.” Yin also told him that as long as Yin worked at the
Department Esters would never be promoted.  Esters was threatened with
termination if he did not attend a certain class.

 

·       
After Esters complained about the discrimination to management
from 1993 through 2006, Yin retaliated against him by (1) requiring him to work
on hazardous materials without proper training, (2) assigning him to low-level
jobs, (3) denying him pay raises commensurate with a twenty-six-year employee,
(4) circumventing orders given by the Director of Engineers, and (5)
threatening to terminate Esters if he did not attend a “hot mix class.”

 

The
record does not reflect that the EEOC or the Commission ever took any action on
the Second Filing.  Esters filed suit against the Department on July 11, 2006. 
In his second amended petition, Esters asserted claims under the following
statutes based on alleged racial discrimination, constructive discharge, and
retaliation: Title VII (42 U.S.C. § 2000e et seq.); Chapter 21 of the
Texas Labor Code; Title 42, section 1981 of the United States Code; and Title
42, section 1983 of the United States Code.  

In an
initial plea to the jurisdiction, the Department asserted that the trial court
lacked jurisdiction over Esters’s claims under sections 1981 and 1983 of Title
42 of the United States Code (hereinafter collectively “1981 and 1983 Claims”)
based on the Department’s immunity under the Eleventh Amendment to the United
States Constitution.  At a pretrial conference on October 16, 2009, the trial
court granted Esters leave to file a third amended petition adding Yin as a
defendant in his official capacity.  After hearing argument, the trial court
then sustained in part the Department’s first plea to the jurisdiction,
dismissing Esters’s 1981 and 1983 Claims against the Department except to the
extent that Esters seeks prospective, equitable relief under these claims.

The Department then asserted a plea to the
jurisdiction, arguing that there is no statutory waiver of governmental
immunity as to Esters’s retaliation claims because Esters failed to exhaust
administrative remedies regarding these claims.  The trial court denied this
second plea to the jurisdiction, and the Department has appealed under section
51.014(a)(8) of the Texas Civil Practice and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a) (West 2008).

 

II.  Analysis

A.        What was
the effect of the Second Filing?

The substance of the
Second Filing was not a second charge of discrimination but an attempt to amend
the March 3, 2006 charge (hereinafter, “Original Charge”).  This attempt to
amend the Original Charge occurred more than a month after the EEOC had
completed its investigation of the Original Charge, sent Esters a right-to-sue
notice regarding that charge, and closed its file on the Original Charge. 
Presuming for the sake of argument that the EEOC had the discretion to treat
the Second Filing as a new and independent charge, there is no evidence that it
has done so, and counsel for the Department and Esters both agreed during oral
argument in the trial court that there has been no administrative response to
the Second Filing.  On this record, Esters’s attempt via the Second Filing to
amend the Original Charge, which was no longer pending before the EEOC, was
ineffective as a matter of law.  See Balazs v. Liebenthal, 32 F.3d 151,
157 (4th Cir. 1994); Mack v. The Housing Auth. for the City of Athens, Ga.,
2010 WL 797211, at *3 (M. D. Ga. Mar. 3, 2010); Hazeur v. Federal Warranty
Serv. Corp., 2000 WL 365013, at *2 (E.D. La. Apr. 7, 2000); Danley v.
Book-of-the-Month Club, Inc., 921 F. Supp 1352, 1353–54 (M.D. Pa. 1996), aff’d,
107 F.3d 861 (3rd Cir. 1997).  Therefore, the only charge by which Esters could
have exhausted administrative remedies is the Original Charge, which contains
no allegations of any retaliation against Esters.  

B.        Did Esters exhaust remedies as to his retaliation
claims under section 

21.055 and
Title VII?

 

            Having concluded that the Original Charge is the
only valid administrative filing by which Esters could have exhausted
administrative remedies, we now must decide whether the Original Charge was
sufficient to exhaust remedies as to Esters’s retaliation claims under section
21.055 of the Texas Labor Code (hereinafter, “State Retaliation Claims”) and
under Title VII (hereinafter, “Title VII Retaliation Claims”).  In his live
petition, Esters asserts State Retaliation Claims and Title VII Retaliation
Claims based on the Department’s alleged retaliation against Esters, in various
ways, for opposing racial discrimination through Esters’s alleged complaints to
management and internal complaints (hereinafter collectively, “Complaint
Retaliation Claims”).  Esters also asserts State Retaliation Claims and Title
VII Retaliation Claims based on the Department’s alleged retaliation against
Esters, in various ways, for filing the Original Charge (hereinafter collectively,
“Charge Retaliation Claims”).

Texas
law applies to the State Retaliation Claims and federal law applies to the
Title VII Retaliation Claims.  See Torres v. Johnson, 91 S.W.3d 905,
908–12 (Tex. App.—Fort Worth 2002, no pet.).  Under both state and federal law,
Esters exhausted his administrative remedies only as to the complaints made in
the Original Charge and factually related claims that reasonably could be
expected to grow out of the administrative investigation of that charge.  See
Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993); Thomas v.
Clayton Williams Energy, Inc., 2 S.W.3d 734, 738 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).  Esters did not complain of any retaliation in the
Original Charge, and we conclude that Esters’s Complaint Retaliation Claims are
not factually related claims that reasonably could be expected to grow out of the
administrative investigation of the Original Charge.  See Univ. of
Tex. v. Poindexter, 306 S.W.3d 798, 809 & n.9 (Tex. App.—Austin 2009,
no pet.); El Paso Cty. v. Navarrete, 194 S.W.3d 677, 683–84 (Tex.
App.—El Paso 20006, pet. denied); Elgaghil v. Tarrant Cty. Junior College,
45 S.W.3d 133, 141–42 (Tex. App.—Fort Worth 2000, pet. denied).  

But, under both state
and federal law, courts have held that a claim of retaliation for filing a
charge of discrimination is sufficiently related to the charge of
discrimination to exhaust remedies for the retaliation claim, even though the
charge contains no reference to any alleged retaliation.  See Gupta v. East
Tex. State Univ., 654 F.2d 411, 413–14 (5th Cir. 1981); Elgaghil, 45
S.W.3d at 141–42; Thomas, 2 S.W.3d at 738.  Applying these precedents,
we hold that, based on the Original Charge, Esters exhausted his administrative
remedies as to his Charge Retaliation Claims, but that Esters did not exhaust
administrative remedies as to his Complaint Retaliation Claims.[5]  See 42
U.S.C. § 2000e-5(f)(1); Tex. Lab. Code
Ann. §§ 21.055, 21.201 (West 2006); Gupta, 654 F.2d at 413-14;
Elgaghil, 45 S.W.3d at 141–42; Thomas, 2 S.W.3d at 738.  

C.        Does failure to exhaust remedies deprive the
trial court of jurisdiction 

over claims
under the Texas Labor Code and under Title VII?

 

Even
after Dubai Petrol. Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000) and In re
United Servs. Auto. Ass’n, 307 S.W.3d 299 (Tex. 2010), failure to timely
file an administrative complaint under section 21.201 of the Texas Labor Code
deprives a court of subject-matter jurisdiction over discrimination claims
under the Texas Labor Code.  See Lueck v. State, 325 S.W.3d 752, 757–65
(Tex. App.—Austin 2010, pet. filed).  Therefore, Esters’s failure to pursue
administrative remedies as to the Complaint Retaliation Claims under section
21.055 deprives the trial court of subject-matter jurisdiction over these
claims.  

Research
reveals no precedent binding on this court as to whether a failure to exhaust
administrative remedies under Title VII deprives a court of subject-matter
jurisdiction, and there is significant conflict among federal courts as to the
proper resolution of this issue.  See Pacheco v. Mineta, 448 F.3d 783,
788, n.7 (5th Cir. 2006); Lueck, 325 S.W.3d at 763.  We agree with the
courts holding that a failure to exhaust administrative remedies under Title
VII deprives the court of subject-matter jurisdiction over the Title VII
claim.  See Randel v. Dep’t of U.S. Navy, 157 F.3d 392, 395 (5th Cir.
1998); Tolbert v. United States, 916 F.2d 245, 247 (5th Cir. 1990); Gupta,
654 F.2d at 414.  Therefore, Esters’s failure to pursue administrative remedies
as to the Complaint Retaliation Claims under Title VII deprives the trial court
of subject-matter jurisdiction over these claims.  

 

D.        Did
the trial court err by not dismissing all 1981 and 1983 Claims against the
Department for lack of subject-matter jurisdiction?

 

After
the trial court’s ruling on the Department’s first plea to the jurisdiction,
Esters still had pending 1981 and 1983 Claims in which he alleged retaliation
and sought prospective, equitable relief against the Department.  The
Department based its second plea on Esters’s alleged failure to exhaust
administrative remedies.  As to Esters’s remaining 1981 and 1983 Claims against
the Department, the trial court did not err in denying the Department’s second
plea to the jurisdiction because administrative remedies need not be exhausted
for these claims.  See CBOCS v. Humphries, 553 U.S. 442, 454–55,
128 S. Ct. 1951, 1959-60 170 L. Ed. 2d 864 (2008) (stating that administrative
remedies need not be pursued or exhausted for claims under 42 U.S.C. § 1981); Patsy
v. Board of Regents, 457 U.S. 496, 516, 102 S. Ct. 2557, 2568, 170 L. Ed. 2d
864 (1982) (concluding that administrative remedies need not be pursued or
exhausted for claims under 42 U.S.C. § 1983).

But,
under the Eleventh Amendment to the United States Constitution, the trial court
lacks jurisdiction over all 1981 and 1983 Claims that Esters alleged or could
allege against the Department, including claims under these statutes for
prospective, equitable relief directly against the Department.  See U.S. Const. amend. XI; Virginia
Office for Protection and Advocacy v. Stewart, No. 09–529, 2011 WL 1466121,
at *5–6, —U. S.—,— (Apr. 19, 2011) (stating that the Ex parte Young, 209
U. S. 123 (1908) exception to Eleventh Amendment immunity is limited to the
situation in which prospective, equitable relief is sought against a state
actor in his official capacity commanding the actor to refrain from violating
federal law and that the exception does not apply when the state is the real
defendant); Kentucky v. Graham, 473 U.S. 159, 167, n.14, 105 S. Ct. 3099,
3106, n.14, 87 L. Ed. 2d 114 (1985) (stating that, unless a state waives its
Eleventh Amendment immunity or Congress abrogates it, the state is immune from
suit); Quern v. Jordan, 440 U.S. 332, 337–45, 99 S. Ct. 1139, 1143–49,
105 L. Ed. 2d 45 (1979) (holding that, in enacting section 1983, Congress did
not abrogate the states’ Eleventh Amendment immunity); Alabama v. Pugh,
438 U.S. 781, 781–82, 98 S. Ct. 3057, 3057–58, 57 L. Ed. 2d 1114 (1978)
(holding that Eleventh Amendment immunity precluded suit against state and
state agency for injunctive relief, even though plaintiffs also had sued a
number of state actors in their official capacity); Brennan v. Stewart,
834 F.2d 1248, 1251–55 (5th Cir. 1988) (discussing complexities of Eleventh
Amendment immunity and exception thereto under Ex parte Young, 209 U. S.
123 (1908) for suits for prospective, equitable relief against state actors in
their official capacity); Sessions v. Rusk State Hosp., 648 F.2d 1066,
1069 (5th Cir. 1981) (concluding that, in enacting section 1981, Congress did
not abrogate the states’ Eleventh Amendment immunity and that State of Texas
did not waive Eleventh Amendment immunity of state agency); Univ. of Tex. at
El Paso v. Herrera, 322 S.W.3d 192, 195 (Tex. 2010) (noting that states and
state agencies are entitled to Eleventh Amendment immunity in state court,
unless Congress validly abrogates this immunity or the state waives this
immunity); City of El Paso v. Heinrich, 284 S.W.3d 366, 372–76 (Tex.
2009) (discussing federal cases applying Ex parte Young, 209 U. S. 123
(1908) and adopting these cases for use in analyzing similar issues in context
of governmental immunity under Texas law); Carter v. State, No.
03-08-00513-CV, 2009 WL 2059449, at *1 (Tex. App.—Austin Jul. 17, 2009, no pet.)
(mem. op.) (affirming dismissal of 1983 claim against State of Texas based on
Eleventh Amendment immunity and lack of waiver thereof by Texas).

Under
Ex parte Young and its progeny, despite the State’s Eleventh Amendment
immunity, Esters can seek prospective, equitable relief under federal law
against employees of a state agency in their official capacity; but this rule
does not affect the immunity of the state agency from such suits, even though
these suits, for all practical purposes, are against the state agency.  See
Virginia Office for Protection and Advocacy, 2011 WL 1466121, at *5–6; Graham,
473 U.S. at 167, n.14, 105 S. Ct. at 3106, n.14; Pugh, 438 U.S. at 781–82,
98 S. Ct. at 3057–58; Heinrich, 284 S.W.3d at 372–73.  Therefore, the
trial court lacks jurisdiction over Esters’s remaining 1981 and 1983 Claims
directly against the Department.  See Graham, 473 U.S. at 167,
n.14, 105 S. Ct. at 3106, n.14; Pugh, 438 U.S. at 781–82, 98 S. Ct. at
3057–58; Heinrich, 284 S.W.3d at 372­–73.  We must address the trial
court’s lack of subject-matter jurisdiction over these claims against the
Department, even though this is an interlocutory appeal and the trial court did
not rule on this jurisdictional issue in the order from which the Department
appeals.  See Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 850–51 (Tex. 2000); Tex. Dep’t of
Transp. v. Olivares, 316 S.W.3d 89, 95, 104 (Tex. App.—Houston [14th Dist.]
2010, no pet.).

 

III.  Conclusion

            Esters
exhausted his administrative remedies as to his Charge Retaliation Claims but
not as to his Complaint Retaliation Claims.  Therefore, the trial court did not
err to the extent it denied the Department’s plea to the jurisdiction as to the
former claims but did err in not dismissing the latter claims.  The trial court
lacks subject-matter jurisdiction over Esters’s remaining 1981 and 1983 Claims
directly against the Department.  Accordingly, we affirm the trial court’s
denial of the Department’s plea as to Esters’s Charge Retaliation Claims, reverse
the remainder of the trial court’s order, and remand with instructions for the
trial court to dismiss the Complaint Retaliation Claims and all remaining 1981
and 1983 Claims directly against the Department for lack of subject-matter
jurisdiction.[6] 
We remand for further proceedings consistent with this opinion.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel
consists of Justices Anderson, Frost, and Brown (Anderson, J., concurring
without opinion).









[1]
We issue this opinion to correct an error in the heading of the Majority
Opinion filed April 28, 2011.





[2]
42 U.S.C. § 2000e et seq.





[3]
See Tex. Lab. Code Ann. §
21.055 (West 2006).  





[4]
42 U.S.C. §§ 1981, 1983.





[5]
Esters argues that all of his retaliation claims are sufficiently related to
the discrimination alleged in the Original Charge based on the decision in CBOCS
v. Humphries, 553 U.S. 442, 128 S. Ct. 1951, 170 L. Ed. 2d 864 (2008).  The
Humphries decision does not support this argument. 





[6]
We do not address Esters’s claims against Yin, all of which are still pending
in the trial court.