## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,

v.

## APPALACHIAN POWER COMPANY, INC., and Local 978, International Brotherhood of Electrical Workers, AFL–CIO, International Brotherhood of Electrical Workers, AFL–CIO, Appellees.

### No. 76–2422.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 13, 1977.

Decided Jan. 9, 1978.

Vella M. Fink, Atty., Equal Employment Opportunity Commission, Washington, D. C. (Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel and Marian Halley, Atty., Equal Employment Opportunity Commission, Washington, D. C., on brief), for appellant.

William B. Poff and Thomas T. Lawson, Roanoke, Va. (Richard M. Thomas, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., Guy Farmer, Farmer, Shibley, McGuinn & Flood, Roger H. Schnapp, New York City, on brief), for appellees.

Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

Following a charge filed by the Equal Employment Opportunity Commission (EEOC) and unsuccessful conciliation efforts, on February 10, 1976, the EEOC filed a civil suit against Appalachian Power Company and Local 978 of the International

Brotherhood of Electrical Workers, AFL–CIO, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, (the Act). The EEOC sought prohibitory and mandatory injunctive relief against sexual and/or racial discrimination, and back pay. Appalachian Power moved to dismiss for lack of jurisdiction asserting that the Commissioner's charge which commenced the proceedings prior to the federal suit was not given under oath or affirmation as was required by Section 706(b) of the Act, as amended, in 1972, 42 U.S.C. § 2000e–5(b).

Following a hearing, the district court agreed with Appalachian. Judge Dalton held that since the underlying "charge" by the EEOC was not under "oath or affirmation," then it was not a valid charge. Accordingly, since the EEOC had no jurisdiction to proceed with its investigation, then neither did the district court. The EEOC appeals, and we affirm.

We have carefully considered the oral arguments in this case, the briefs, and the record. We affirm for the reasons set forth by the district court in its opinion and judgment entered September 10, 1976, as supplemented by its order and judgment entered September 30, 1976, *Equal Employment Opportunity Commission v. Appalachian Power Company, et al.*, Civil Action No. 76–0019(R), Western District of Virginia, Roanoke Division.

Like the court below, we note that Section 706(b) of the Act, as amended, 42 U.S.C. § 2000e–5(b) is cast in mandatory terms requiring that "[c]harges [including those instituted by EEOC itself] shall be in writing under oath of affirmation . . ." We have previously held the requirements of § 706(b) of the Act to be mandatory, *Patterson v. American Tobacco Co.*, 535 F.2d 257, 271–272 (4th Cir. 1976), and see no reason to ignore the plain language that Congress has enacted.

The judgment of the district court is

*AFFIRMED.*