**Joe Ann VASON, Plaintiff,**

v.

**CITY OF MONTGOMERY, ALA., Defendant.**

**No. CIV.A. 99–A–230–N.**

United States District Court, M.D. Alabama, Northern Division.

March 10, 2000.

Roianne H. Frith, Montgomery, AL, for plaintiff.

Richard H. Cater, B. Saxon Main, Montgomery, AL, for defendant.

### MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on the Motion for Summary Judgment filed by the Defendant City of Montgomery ("City") on March 9, 2000. On the same day, in open court, Plaintiff Joe Ann Vason ("Vason") waived her right to ten days notice under Federal Rule of Civil Procedure 56(c), and the court received exhibits and heard oral argument.

For reasons discussed below, the Motion for Summary judgment is due to be GRANTED.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

## III. *FACTS*

The court described the facts relating to this action in a previous Memorandum Opinion dated February 1, 2000, and will not do that again here. For the present purpose, the court's inquiry is limited to the following undisputed facts, established at the March 9 hearing:

On October 28, 1998, Vason wrote a letter to the Equal Employment Opportunity Commission ("EEOC") describing the allegedly discriminatory acts taken against her during her employment with the Montgomery Police Department. It is undisputed that this letter was not sworn to under oath or affirmed.[1] In her letter, Vason specifically requested that the EEOC issue her a right to sue letter "immediately." *See Pl.Ex. 1* at 2 (Vason's Letter to EEOC). On December 10, 1998, the EEOC complied with Vason's request and issued her a right to sue letter. *See Pl.Ex. 2* (Notice of Right to Sue). The parties agree that this is the only contact that Vason had with the EEOC. On March 8, 1999, Vason filed her Complaint in this action.

In her sole remaining claim, Vason alleges a violation of 42 U.S.C. § 2000e et seq. ("Title VII").[2] Specifically, Vason alleges that she was subjected to disparate treatment on the basis of her race and sex while she was employed at the Montgomery Police Department.

## IV. *DISCUSSION*

■ As a condition precedent to the right to file a civil action under Title VII

for employment discrimination, the statute requires that a plaintiff file a charge alleging unlawful discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e). It is well established that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite [but a condition precedent] to suit in federal court." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The City, however, asserts that all of the conditions precedent to suit under Title VII have not been met because Vason did not verify her EEOC charge as required by 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires"). This places the burden on Vason to produce evidence that all conditions precedent to suit are satisfied. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir.1982) (In a Title VII case, the plaintiff bears the burden of proof that all procedural requirements are satisfied).

■ The sole issue in this case on summary judgment is whether the failure to verify an EEOC charge, as required by 42 U.S.C. § 2000e-5(b), prior to the issuance of the right to sue letter and the filing of a suit renders such a charge procedurally defective for the purposes of Title VII. This appears to be an issue of first impression in this circuit.

The court has found several cases from other circuits on point. *See Balazs v. Liebenthal*, 32 F.3d 151 (4th Cir.1994); *Hodges v. Northwest Airlines, Inc.*, 990 F.2d 1030 (8th Cir.1993); *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir.1968); *Kuper v. Colonial Penn Ins. Co.*, No. CV. 99–172, 1999 WL 317077 (E.D.Pa. May 18,

---

1. It is also undisputed that Vason did not subsequently swear under oath to her charge. *See Philbin v. General Elec. Capital Auto Lease, Inc.*, 929 F.2d 321 (7th Cir.1991); *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237, 1241 (11th Cir.1989).

2. The court previously dismissed Vason's section 1983 and section 1981 claims.

1999) (dicta); *Danley v. Book–of–the–Month Club, Inc.*, 921 F.Supp. 1352 (M.D.Pa.1996), *aff'd,* 107 F.3d 861 (3rd Cir. 1997) (table); *Bacon v. Allstate Ins. Co.*, No. 93–1701, 1995 WL 360736 (N.D. Ill. June 14, 1995); *U.S. E.E.O.C. v. Calumet Photographic, Inc.*, 687 F.Supp. 1249 (N.D.Ill.1988) (dicta). With the exception of *Choate,* these cases have all held that a plaintiff may not maintain a Title VII claim where his or her EEOC charge was not verified prior to the EEOC's issuance of a right to sue letter.

The only case of which the court is aware that is contrary to the above authority is the Seventh Circuit case *Choate. See Choate,* 402 F.2d at 360 ("If the Commission undertakes to process a charge which is not 'under oath,' we perceive no reason why the district court should not treat the omission of the oath as a permissive waiver by the Commission. To deny relief under these circumstances would be a meaningless triumph of form over substance"). However, *Choate* is unpersuasive.

*Choate* was decided prior to the 1972 amendments to Title VII, wherein Congress substantially changed the wording of the oath requirements for EEOC charges: "[t]he amendment transformed the requirement from prefatory language (i.e., '[w]henever it is charged in writing under oath by a person claiming to be aggrieved ... the Commission shall ....') into a clearly stated statutory prerequisite (i.e., '[c]harges shall be in writing under oath or affirmation')." *Bacon,* 1995 WL 360736, at *9 n. 8 (citation omitted) (alteration in original); *see also Danley,* 921 F.Supp. at 1355 (rejecting the viability of *Choate* after 1972 amendments); *Calumet Photographic,* 687 F.Supp. at 1251–52 n. 4. Courts within the Seventh Circuit have followed this reasoning and distinguished *Choate* from cases where the plaintiff failed to verify a charge before issuance of a right to sue letter. *See Bacon,* 1995 WL 360736, at * 9 n. 8. In any event, to the extent that *Choate* might apply to the facts of the instant case, the court rejects that decision for the reasons set forth.

Section 2000e–5(b) plainly requires that EEOC charges be verified. Vason has failed to comply with this clear requirement. All courts which have considered the issue since Congress made this a requirement in 1972 have held that verification is an absolute condition precedent to suit. This court agrees. Accordingly, the court finds that all conditions precedent to suit under Title VII have not been satisfied.

## V. CONCLUSION

For these reasons, summary judgment is due to be GRANTED in favor of the Defendant, City of Montgomery, and against the Plaintiff, Joe Ann Vason.