[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 29 2001
THOMAS K. KAHN
CLERK

_____

No. 00-11544

_____

D. C. Docket No. 99-00230-CV-A-N

JOE ANN VASON,

Plaintiff-Appellant,

versus

THE CITY OF MONTGOMERY, ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 29, 2001)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Jo Ann Vason filed suit against the City of Montgomery (the City)

on March 8, 1999, alleging race and sex discrimination in violation of 42 U.S.C.

§§ 1981 and 1983 and under Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e.   The district court granted summary judgment for the City on

the § 1981 and § 1983 claims on February 1, 2000, and granted summary judgment

for the City on the Title VII claim on March 10, 2000, *Vason v. City of

Montgomery*, 86 F. Supp. 2d 1130 (M.D. Ala. 2000).   Appellant appeals as to all

claims.  The only issue warranting discussion is the Title VII issue.[1]

## I. BACKGROUND

The City hired Appellant as a nurse/matron on August 25, 1977.  She was

assigned to the Montgomery Police Department Municipal Jail.  On April 5, 1986,

the Montgomery Police Department implemented a Weight Management Program

for sworn officers, and the Department gave all officers one year in which to meet

their specified weights.  Appellant was exempted from the program on

---

[1]Appellant also claims her § 1981 claim should not have been merged into her § 1983 claim.  The Supreme Court held in *Jett v. Dallas Independent School District*, 491 U.S. 701, 735, 109 S. Ct. 2702, 2723 (1989) that  § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Appellant argues the Civil Rights Act of 1991 revitalized § 1981 so that it provides a separate cause of action.  This court recently decided in *Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000), that the Civil Rights Act of 1991 did not affect the continuing validity of *Jett*. We agree with the district court that summary judgment on the § 1983 action was appropriate, as Appellant presented no genuine issue of material fact.  *See* 11th Cir. R. 36-1.

December 18, 1987. The City attempted to subject her to the weight program again in 1992, but the matter was dropped after she produced the 1987 memorandum establishing her exemption from the program.

On February 26, 1998, Appellant was charged with not being truthful about a death that occurred in the jail, and her employment was terminated. She was later cleared of charges of wrongdoing, and she was reinstated to her job on May 2, 1998. Immediately following her reinstatement, she was once again informed that she must weigh in to determine her compliance with the weight program. She again produced the 1987 memorandum exempting her from the weight program, but she was nevertheless charged on June 23, 1998, with a violation of the weight policy. On June 30, 1998, she was suspended without pay for a 6-month period. The Montgomery City and County Personnel Board upheld her suspension on or about August 26, 1998. Appellant subsequently retired from her position.

On October 28, 1998, Appellant wrote to the Equal Employment Opportuntiy Commission (EEOC) to complain of race and sex discrimination. She asked the EEOC to investigate the City's alleged pattern and practice of exempting white male officers from the weight program and included the names of white men who were allegedly exempted from the program. Appellant received a right-to-sue letter dated December 10, 1998, and she filed suit on March 8, 1999. It is

3

undisputed that Appellant's letter to the EEOC "was not sworn to under oath or affirmed" and that she did not later attempt to verify her charge through amendment. *Vason*, 86 F. Supp. 2d at 1132 and n.1. The district court granted summary judgment to Appellee on Appellant's Title VII claim after concluding that "verification is an absolute condition precedent to suit [under Title VII,]" and Appellant failed to satisfy that condition. *Id.* at 1133.

## II. STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court. *See Breda v. Wolf Camera & Video*, 222 F.3d 886, 888 (11th Cir. 2000). We review the record and all inferences drawn therefrom in the light most favorable to the non-moving party (here, Appellant), and we affirm "if the record demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.*

## III. DISCUSSION

Prior to filing suit under Title VII, a plaintiff must file a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e). The district court granted summary judgment on Appellant's Title VII claim because Appellant did not verify her EEOC charge as required by 42 U.S.C. § 2000e-5(b), which provides, "Charges

4

shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." Appellant argues the EEOC should have informed her if there was a problem with her charge, and she contends the EEOC in effect waived the verification requirement when it processed her unverified charge and issued a right to sue letter.

This issue is one of first impression in this circuit. Other circuits have held that the verification requirement for EEOC charges is mandatory. *See, e.g., Hodges v. Northwest Airlines*, 990 F.2d 1030, 1032 (8th Cir. 1993) (holding that intake questionnaire filled out at EEOC office was not a valid charge because it was not under oath); *Equal Employment Opportunity Commission v. Appalachian Power Co.*, 568 F.2d 354, 355 (4th Cir. 1978) (holding that the "oath or affirmation" requirement is mandatory, even for charges "instituted by the EEOC itself"). *See also Danley v. Book-of-the-Month Club, Inc.*, 921 F. Supp. 1352, 1354 (M.D. Pa. 1996), *aff'd* 107 F.3d 861 (3rd Cir. 1997) (holding that "a private litigant cannot maintain a Title VII claim where his or her EEOC charge was not verified prior to the EEOC's issuance of a right to sue letter").[2]

---

[2] *But see Choate v. Caterpillar Tractor Co.*, 402 F.2d 357, 360 (7th Cir. 1968) (holding that EEOC waived oath requirement when it processed a charge that was not under oath). *Choate* is clearly distinguishable from this case. As the district court noted, *Choate* was decided before "Congress substantially changed the wording of the oath requirement for EEOC charges," transforming it from "prefatory language . . . into a clearly stated statutory prerequisite." *Vason*, 86 F. Supp. 2d at 1133 (citations and internal quotation marks omitted).

We agree with these circuits and hold the statute mandates that charges be made under oath or affirmation. Since it is undisputed that Appellant's charge was not under oath or affirmation, and that she never attempted to amend it to correct this error,[3] we hold the district court correctly granted summary judgment for the City.

AFFIRMED.

---

[3]Appellant does not allege that she attempted to amend her charge to correct her failure to verify it in the first instance. We therefore do not reach the issue of whether such an amendment relates back to the original date of filing. *See, e.g., Edelman v. Lynchburg College*, 228 F.3d 503, 507-09 (4th Cir. 2000) (holding that 29 C.F.R. § 1601.12(b), which allows an amendment "to cure technical defects or omissions, including the failure to verify the charge," to "relate back to the date the charge was first received[,]" is invalid because it thwarts the plain language of Title VII); *Philbin v. General Electric Capital Auto Lease, Inc.*, 929 F.2d 321, 324 (7th Cir. 1991) (upholding same regulation as not unreasonable and within EEOC's power to promulgate).