[No. B189560. Second Dist., Div. Seven. July 17, 2006.]

BARRY BLUM, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
COPLEY PRESS, INC., et al., Real Parties in Interest.

COUNSEL

Mark Weidmann and Lee Franck for Petitioner.

No appearance for Respondent.

Sheppard, Mullin, Richter & Hampton, Tara Wilcox and Karin Dougan Vogel for Real Parties in Interest.

OPINION

WOODS, J.—Barry Blum sued Copley Press, Inc., Daily Breeze and Vicki Tally for wrongful termination.[1] The operative pleading, the first amended complaint (FAC), contained 22 causes of action; 12 of which asserted various violations of the FEHA (the California Fair Employment and Housing Act, Gov. Code, § 12900 et seq.[2]); the other 10 asserted parallel public policy violations.[3] The court sustained without leave to amend defendants' demurrer to the FEHA causes of action on the basis Blum's attorney, not Blum, had verified the discrimination complaints filed with the Department of Fair Employment and Housing (DFEH). The issue presented by this writ petition is whether a DFEH complaint must be verified by the complainant or whether an attorney may verify the complaint. We conclude an attorney may verify a DFEH complaint for his or her client.

## FACTUAL BACKGROUND

On May 5, 2005, plaintiff filed complaints of discrimination with the DFEH against Copley Press, Inc., Daily Breeze, Caryn Ratcliff, Vicky Tally and Kevin McCarthy.

On May 5, 2005, plaintiff filed this action against the same parties. In general, the complaint alleged that plaintiff was wrongfully terminated because of his age, race, disabilities, family medical leave, and association with a person of protected status.

On May 17, plaintiff received right-to-sue letters effective May 5.

---

[1] In their return, defendants state Daily Breeze is "an operating division of Copley, and not a freestanding legal entity. Therefore, Defendants did not answer . . . or demur separately on behalf of Daily Breeze." It is not clear from the record before this court whether Daily Breeze has been dismissed from the action.

[2] Unless otherwise noted, all statutory references are to the Government Code.

[3] For example, the first cause of action was for age discrimination in violation of FEHA, and the second cause of action was for age discrimination in violation of public policy.

On December 23, plaintiff filed the FAC against Copley Press, Inc., Daily Breeze and Tally. Defendants demurred to the FAC on the basis plaintiff had failed to exhaust his administrative remedies. On January 18, 2006, the court sustained without leave to amend defendants' demurrer to the 12 FEHA causes of action.

In its ruling, the superior court found: "With respect to the FEHA claims, Plaintiff never verified his DFEH charges. Although there is no California authority on point, federal decisions dealing with the analogous Title VII provision [of the Federal Civil Rights Act, 42 United States Code section 2000e et seq.] require a party to verify EEOC [Equal Employment Opportunity Commission] charges before commencement of a lawsuit; failure to verify an EEOC charge amounts to a failure to exhaust administrative remedies."[4]

On March 10, 2006, plaintiff filed with this court a petition for a writ of mandate challenging the superior court's demurrer ruling. This court issued an order to show cause.

## DISCUSSION

Plaintiff contends the court abused its discretion when it sustained defendants' demurrer and dismissed his FEHA causes of action on the basis he failed to exhaust his administrative remedies because his attorney verified the DFEH complaints. In reviewing an order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose." (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].)

Section 12960, subdivision (b) provides: "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a *verified complaint*, in writing, . . . and that shall set forth the particulars thereof and contain other information as may be required by the department. The director or his or her authorized representative may in like manner, on his or her own motion, make, sign, and file a complaint."[5] (Italics added.)

---

[4] "While the California act and title VII differ in some particulars, their objectives are identical, and California courts have relied upon federal law to interpret analogous provisions of the state statute." (*Mixon v. Fair Employment & Housing Com.* (1987) 192 Cal.App.3d 1306, 1316 [237 Cal.Rptr. 884]; see also *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 354 [100 Cal.Rptr.2d 352, 8 P.3d 1089].)

[5] Plaintiff's claim that because the director is authorized to file a complaint, others may do so is unconvincing given the DFEH's role in the FEHA. (See, e.g., §§ 12930, 12963.7, 12965, 12969.)

■ " 'Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [DFEH] and must obtain from the [DFEH] a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA. [Citations.] The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA. [Citations.]' " (*Medix Ambulance Service, Inc. v. Superior Court* (2002) 97 Cal.App.4th 109, 116 [118 Cal.Rptr.2d 249].) There is no dispute that plaintiff timely filed his DFEH complaints or that he received right-to-sue letters from the DFEH.

Plaintiff suggests that "even unsworn and unsigned complaints satisfy the timely filing of an administrative complaint." (Boldface omitted.) In the cases cited by plaintiff, the court determined that even though the formal EEOC charge was not filed under oath or affirmed, there was a possible waiver by the EEOC in that the employee met with the EEOC and filled out some sort of intake form. (See, e.g., *Casavantes v. California State University, Sacramento* (9th Cir. 1984) 732 F.2d 1441, 1442–1443 [questionnaire not signed or verified constituted charge as deficiencies were cured by amendment when employee signed formal charge]; *Price v. Southwestern Bell Telephone Co.* (5th Cir. 1982) 687 F.2d 74, 78–79, & p. 79, fn. 6 [timely filing of charge is not jurisdictional prerequisite to suit in federal court, but subject to " 'waiver, estoppel and equitable tolling' "]; *Choate v. Caterpillar Tractor Company* (7th Cir. 1968) 402 F.2d 357, 360 [court treated omission of oath in charge of discrimination as a permissive waiver by the EEOC as it processed the charge].)

■ There is no issue of waiver, estoppel or equitable tolling in the instant case. Thus, a verified DFEH complaint was a prerequisite to bringing a civil action. Moreover, in the context of the FEHA, " ' "[t]he failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect." ' " (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613 [43 Cal.Rptr.2d 57].)

Defendants insist that section 12960, subdivision (b) provides that the plaintiff must verify the DFEH complaint. Although one could infer that interpretation, the plain language of the statute does not expressly state that the employee herself must verify the complaint.

The Equal Employment Opportunity Act of 1972 " 'is a remedial statute to be liberally construed in favor of the victims of discrimination.' " (*Casavantes v. California State University, Sacramento, supra,* 732 F.2d at p. 1442.) Similarly, in *Price v. Southwestern Bell Telephone Co., supra,*

687 F.2d at page 78, the court reasoned: "Consistent with the remedial purposes underlying Title VII, we construe employment discrimination charges with the 'utmost liberality,' bearing in mind that such charges are generally prepared by laymen untutored in the rules of pleading. [Citation.] We also take into account the principal function of the administrative charge: the provision of an adequate factual basis for the Commission's initiation of the investigatory and conciliatory procedures contemplated by Title VII."

In that same vein, another circuit court noted: "Title VII . . . limits access to the courts by conditioning the filing of suit upon a previous administrative charge with the EEOC whose function is to effectuate the Act's policy of voluntary conference, persuasion and conciliation as the principal tools of enforcement." (*Jenkins v. United Gas Corporation* (5th Cir. 1968) 400 F.2d 28, 30, fn. omitted.) The court reasoned: "It is in keeping with the purposes of the Act to keep the procedures for initiating action simple. It was anticipated that the charge would be filed by 'a person claiming to be aggrieved.' It is not until conciliation efforts have failed and suit is to be filed that the court is authorized to appoint an attorney to prosecute the action." (*Id.*, at p. 30, fn. 3; see also *Bethel v. Jefferson* (1978) 191 U.S. App. D.C. 108 [589 F.2d 631, 641–642] [In addressing whether the complainants complied with a time requirement, the court reasoned: "Title VII is remedial legislation dependent for its enforcement on laymen, we must seek in every case 'an interpretation animated by the broad humanitarian and remedial purposes underlying the federal proscription of employment discrimination,' and . . . resort to technicalities to foreclose recourse to administrative or judicial processes is 'particularly inappropriate.' " (Fns. omitted.)].)

Defendants suggest that in federal cases supporting liberal interpretation of title VII, the courts referred to the complainant's pro se status (or the fact laypersons initiate the proceedings) and their rationale does not apply here as plaintiff was represented. (See, e.g., *Love v. Pullman Co.* (1972) 404 U.S. 522, 526–527 [30 L.Ed.2d 679, 92 S.Ct. 616]; *Jenkins v. United Gas Corporation, supra,* 400 F.2d at p. 30 & fn. 3; *Kaplan v. Intern. Alliance of Theatrical, Etc.* (9th Cir. 1975) 525 F.2d 1354, 1359; *Sanchez v. Standard Brands, Inc.* (5th Cir. 1970) 431 F.2d 455, 463.) However, a federal court gave an employee the benefit of " 'loose pleading' " even though counsel assisted in the preparation of an EEOC charge. (*Murray v. Board of Educ. of City of New York* (S.D.N.Y. 1997) 984 F.Supp. 169, 176–177.)

■ Moreover, in California, liberal construction is not dependent on whether or not the employee was represented. "The FEHA itself requires that we interpret its terms liberally in order to accomplish the stated legislative purpose. [Citations.] In order to carry out the purpose of the FEHA to safeguard the employee's right to hold employment without experiencing discrimination, the limitations period set out in the FEHA should be interpreted so as to promote the resolution of potentially meritorious claims on the merits." (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 493–494 [59 Cal.Rptr.2d 20, 926 P.2d 1114].) We conclude the verification requirement should also be interpreted so as to promote the resolution of potentially meritorious claims on the merits.

"The purpose of the FEHA 'is to provide effective remedies which will eliminate discriminatory practices. . . .' " (*Cole v. Antelope Valley Union High School Dist.* (1996) 47 Cal.App.4th 1505, 1513 [55 Cal.Rptr.2d 443].) The function of the DFEH is to investigate, conciliate, and seek redress of claimed discrimination. (§ 12930.)

"[E]xhaustion of the FEHA administrative remedy is a precondition to bringing a civil suit on a statutory cause of action. In cases appropriate for administrative resolution, the exhaustion requirement serves the important policy interests embodied in the act of resolving disputes and eliminating unlawful employment practices by conciliation [citation], as well as the salutory goals of easing the burden on the court system, maximizing the use of administrative agency expertise and capability to order and monitor corrective measures, and providing a more economical and less formal means of resolving the dispute [citation]. By contrast, in those cases appropriate for judicial resolution, as where the facts support a claim for compensatory or punitive damages, the exhaustion requirement may nevertheless lead to settlement and serve to eliminate the unlawful practice or mitigate damages and, in any event, is not an impediment to civil suit, in that the [DFEH's] practice evidently is to issue a right-to-sue letter (§ 12965) at the employee's request as a matter of course [citations]." (*Rojo v. Kliger* (1990) 52 Cal.3d 65, 83–84 [276 Cal.Rptr. 130, 801 P.2d 373], italics omitted.)

Plaintiff asserts it would be consistent with the remedial nature of the FEHA and legislative intent to allow an attorney to verify a DFEH complaint on behalf of a client. Plaintiff notes section 12960, subdivision (b) does not prohibit a DFEH complaint from being verified by a plaintiff's attorney and the DFEH form allows the complaint to be based on personal knowledge or information and belief.

Defendants note the DFEH complaints were not signed by plaintiff and there was no showing the attorney who signed them had personal knowledge of the allegations. Defendants complain that plaintiff's view that anyone (friend, relative) may verify the DFEH complaint would render the verification requirement meaningless and there would be no point in having the form signed. Plaintiff argued only that a complainant's attorney may verify a DFEH complaint, not that anyone may verify such complaints. Defendants assert they would have no guarantee that the allegations in the DFEH complaint were made in good faith or that plaintiff know about and concurred with the allegations. (See *Balazs v. Liebenthal* (4th Cir. 1994) 32 F.3d 151, 157 ["[T]he purpose of verification is to protect the employer from having to respond to frivolous charges."].)

Furthermore, defendants argue that even though title VII permits the ministerial act of filing a charge on behalf of an aggrieved person, a provision not contained in the FEHA, title VII requires, "Charges shall be in writing under oath or affirmation . . . ." (42 U.S.C. § 2000e-5(b).)[6] According to defendants, that language does not permit an attorney to verify allegations about which the attorney has no personal knowledge.

The DFEH complaint forms filed on behalf of plaintiff contain the printed statement: "I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matter I believe it to be true." Thus, the DFEH does not require complaints be filed only under personal knowledge. On the other hand, there is a line for "COMPLAINANT'S SIGNATURE." The forms were subscribed by Lee Franck. Beneath the signature line he wrote, "LAW OFFICES OF MARK WEIDMANN ON BEHALF OF BARRY BLUM."

Defendants cite a number of federal cases which they argue make it clear others may not verify the allegations on behalf of the complainant. (See, e.g., *Balazs v. Liebenthal, supra,* 32 F.3d at pp. 154, 156, 159 [The attorney signed a letter which the EEOC treated as an administrative charge. Even though the court found the charge was untimely as it had not been signed under oath or affirmed, there is no indication the attorney's letter was signed under penalty

---

[6] In pertinent part, this analogous federal provision to section 12960, subdivision (b), provides: "Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, . . . the Commission shall serve a notice of the charge . . . within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." (42 U.S.C. § 2000e-5(b).)

of perjury.]; *Fry v. Muscogee County School Dist.* (11th Cir. 2005) 150 Fed.Appx. 980, 982 [Court found attorney's signing client's name to EEOC charge did not satisfy verification requirement.]; *Danley v. Book-of-the-Month Club, Inc.* (M.D.Pa. 1996) 921 F.Supp. 1352, 1353–1354 [The court construed the plaintiff's letter as a formal charge, but dismissed it because the letter was not verified.].) However, none of the cases specifically address the issue of whether an attorney verification may satisfy the verification requirement; instead, the cases stand for the proposition a verified EEOC complaint is a condition precedent to court action. (See *Vason v. City of Montgomery, Ala.* (M.D.Ala. 2000) 86 F.Supp.2d 1130, 1133.) Hence, although verification is a condition precedent, the question of who may verify an EEOC charge remains unresolved.

In *Cole v. Antelope Valley Union High School Dist.*, *supra*, 47 Cal.App.4th at pages 1509–1511, in considering whether a plaintiff could proceed against individual defendants not mentioned in the administrative charge at all, the court noted: " 'The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts. A strict rule [that only a party named in the caption of the administrative complaint may be sued, regardless of any other circumstances] would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding. If [individual defendants] are described in the charge as the perpetrators of the harm, they can certainly anticipate they will be named as parties in any ensuing lawsuit.' " The court concluded "[i]n order to bring a civil lawsuit under the FEHA, the defendants must have been named in the caption or body of the DFEH charge." (*Id.*, at p. 1515.)

Plaintiff cites two cases from other states holding that when a statute is silent as to who must sign an affidavit, an attorney may verify charges on behalf of a client. (*Giles v. County Dept. of Public Welfare* (Ind.Ct.App. 1991) 579 N.E.2d 653, 654–655 [Because Indiana Administrative Adjudication Act was silent concerning who might verify a petition and state trial rules required a person who verified a pleading to have personal knowledge or "reasonable cause to believe the existence of the facts stated therein," the court found the attorney "had the authority to verify the pleadings as an incidental act to representing Giles."]; *Southern Attractions v. Grau* (Fla. 1956) 93 So.2d 120, 124–125 ["The [lien enforcement] statute in question does not say the party must file an affidavit signed by himself. Nor do we believe that the statute requires him to do so. . . . In 2 C.J.S., Affidavits, § [9] it is said that under a statute requiring an affidavit to be made by a particular

person himself, his agent or attorney cannot make it, but if the statute is silent as to who can make it, the attorney can. An attorney may make an affidavit for a party if he knows the facts. And it is within the discretion of the court to receive the affidavit of an agent or attorney in situations where a different construction of the statute might defeat the ends of justice." (Italics omitted.)]; see also *Davis-Heller-Pearce Co. v. Ramont* (1924) 66 Cal.App. 778, 779–780 [226 P. 972], [the court held an attorney's affidavit for service by publication was sufficient as the attorney was familiar with the facts on information and belief and the service statute did not designate the person by whom the affidavit had to be made].) The reasoning of these cases is supportive of allowing an attorney to verify a DFEH complaint.

Defendants rely on *In re Marriage of Reese & Guy* (1999) 73 Cal.App.4th 1214 [87 Cal.Rptr.2d 339] for the proposition an attorney cannot verify a DFEH complaint because he or she cannot sign a declaration for a client. The court noted, "Bunn's [husband's attorney] custom of signing declarations under penalty of perjury on behalf of her clients and witnesses, even though we believe she was not intending to deceive the court by so doing, is completely improper. She argues this is a common practice in family law court. If that is so, the informality of family law proceedings has gone too far." (*Id.*, at p. 1222.)

The court reasoned: "[Code of Civil Procedure] section 2015.5 permits submission of unsworn declarations provided they are certified by the declarant to be true under penalty of perjury, subscribed by him or her. 'Subscribe' means 'to sign with one's own hand.' [Citations.] The whole point of permitting a declaration under penalty of perjury, in lieu of a sworn statement, is to help ensure that declarations contain a truthful factual representation and are made in good faith. [Citation.] 'The oath or declaration must be in such form that criminal sanctions of perjury might apply where material facts so declared to be true, are in fact not true or are not known to be true.' " (*In re Marriage of Reese & Guy, supra*, 73 Cal.App.4th at pp. 1222–1223, italics omitted.)

Plaintiff implies *Reese* is not applicable as it is a dissolution action. We conclude *Reese* supports plaintiff's position. A critical distinction between the case at bar and *Reese* is that in *Reese* the husband's attorney signed husband's name to the declarations whereas as plaintiff's attorney signed his own name (Lee Franck) to the DFEH complaints. Thus, Franck would be subject to perjury penalties had he knowingly declared facts to be true when he knew the facts were not true. Moreover, an attorney is bound by ethical and legal standards. (See, e.g., Code Civ. Proc., § 128.7.) Thus, an attorney's signature attests to the good faith of the allegations and the client's concurrence in them.

In the context of addressing a claim a pleading was improperly verified because the attorney who verified the pleading did not state why the plaintiff did not verify it as required by Code of Civil Procedure section 446, in part, the court reasoned: " 'The object of a verification is to assure good faith in the averments or statements of a party. [Citations.] The absence of any complaint by real parties concerning verifying counsel's good faith renders this contention meritless.' " (*California State University, Fresno Assn., Inc. v. Superior Court* (2001) 90 Cal.App.4th 810, 822, fn. 4 [108 Cal.Rptr.2d 870].)

In light of the directive to liberally construe the FEHA, we conclude that holding only an employee may verify a DFEH complaint would not serve the ends of justice. Protecting the victims of discrimination and giving notice to potential defendants may be as easily accomplished with an attorney verification.[7] In our experience, most DFEH complaints are filed by plaintiffs before counsel is retained. However, the potential victim of discrimination should not be punished for retaining counsel.

■ We hold an attorney may verify a DFEH complaint for his or her client by subscribing his or her own name to the complaint. The attorney may not verify by signing the client's name. We would, however, caution attorneys about verifying such complaints unless they believe the allegations made therein to be true and they are acting in good faith as they are subject to penalties for perjury if they sign their name to DFEH complaints. We will order the superior court to overrule the demurrer to the FEHA causes of action of the FAC. In addition, we will grant plaintiff's request that the superior court be ordered to strike the second amended complaint (SAC), which was filed subsequent to the order being challenged here and which eliminated the FEHA causes of action. There is no need for plaintiff to file a new SAC.

---

[7] Plaintiff suggests the complaint calls for legal opinions that are more proper for an attorney to answer than a client. The DFEH complaints in this case contain only a general description of the claimed discrimination as: "age, race, participation in investigation for civil case for age, disability, and FMLA discrimination, harassment, retaliation for associating with and/or testifying for Mike Seever." An employee is as capable of making those general determinations as an attorney. Even though plaintiff acknowledges the fact statement is the crucial element of a discrimination charge, his DFEH complaints contain no facts other than checking off that on August 2, 2004, he was fired, laid off, demoted, harassed, denied employment, denied promotion, denied transfer and denied accommodation.

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to reverse its order sustaining the demurrer to the FEHA causes of action of the FAC and to enter an order overruling the demurrer to the FEHA causes of action. Furthermore, the superior court is directed to enter an order striking the SAC. Plaintiff is awarded his costs in bringing this petition.

Perluss, P. J., and Zelon, J., concurred.