[No. B234192. Second Dist., Div. Four. June 19, 2012.]

GEORGE RICKARDS, Plaintiff and Appellant, v.
UNITED PARCEL SERVICE, INC., et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for partial publication with the exception of the Factual and Procedural Summary and parts IC. and II of the Discussion.

1524

COUNSEL

Shegerian & Associates and Carney R. Shegerian for Plaintiff and Appellant.

Paul Hastings, George W. Abele, Michele A. Freedenthal and Kelly Hsu for Defendant and Respondent United Parcel Service, Inc.

Ross & Silverman and Melanie C. Ross for Defendant and Respondent Bob Esqueda.

OPINION

**EPSTEIN, P. J.**—Appellant George Rickards sued respondent United Parcel Service, Inc. (UPS), for violating the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). The trial court granted UPS's summary judgment motion on the sole ground that Rickards did not file a verified complaint with the Department of Fair Employment and Housing (DFEH) and thus failed to satisfy this jurisdictional prerequisite for filing a lawsuit under FEHA (Gov. Code, § 12960, subd. (b)). In the published portion of this opinion, we conclude that the complaint Rickards's attorney filed through DFEH's online automated system was sufficient under FEHA. In the unpublished portion of the opinion, we affirm the summary judgment because Rickards failed to raise a triable issue of material fact on his FEHA claims against UPS. We also conclude in the unpublished portion of the opinion that the trial court did not abuse its discretion in awarding respondent Bob Esqueda $40,000 in attorney fees upon granting Esqueda's unopposed summary judgment motion and finding that Rickards's refusal to dismiss the age and disability harassment claims against Esqueda was unreasonable.

## FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

## I

### A.  *Standard of Review*

Summary judgment is proper when no triable issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law.

---

*See footnote, *ante*, page 1523.

(Code Civ. Proc., § 437c, subd. (c).) A moving defendant meets its burden by showing one or more essential elements of the cause of action cannot be established, or by establishing a complete defense to the cause of action. (*Id.*, § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 [107 Cal.Rptr.2d 841, 24 P.3d 493].) The burden then shifts to the plaintiff to show that a triable issue of one or more material facts exists as to the cause of action or defense. (*Aguilar*, at p. 849; Code Civ. Proc., § 437c, subd. (p)(2).)

We review the trial court's decision on a summary judgment motion de novo, viewing the evidence in the light most favorable to the nonmoving party. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 [107 Cal.Rptr.2d 617, 23 P.3d 1143].) We consider all of the evidence the parties offered in connection with the motion, except that which the court properly excluded. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116].) If the trial court did not expressly rule on specific evidentiary objections, "it is presumed that the objections have been overruled, the trial court considered the evidence in ruling on the merits of the summary judgment motion, and the objections are preserved on appeal." (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 534 [113 Cal.Rptr.3d 327, 235 P.3d 988].)[2]

## B. *The DFEH Complaint*

The trial court granted UPS's summary judgment motion on the ground that Rickards's failure to file a verified DFEH complaint was a jurisdictional defect. It is undisputed that Rickards's attorney filed a form complaint through DFEH's automated online system on Rickards's behalf and received an immediate right-to-sue letter. At his deposition, Rickards testified he did not know anything about the DFEH complaint. In declarations, Rickards and his attorney stated that the attorney was authorized to file the complaint on Rickards's behalf. The parties disagree whether the complaint was properly verified under the circumstances. We conclude that it was.

██ Before suing under FEHA, a plaintiff must exhaust his or her administrative remedies by filing a verified complaint with the DFEH and obtaining a right-to-sue letter. (*Blum v. Superior Court* (2006) 141 Cal.App.4th 418, 422 [45 Cal.Rptr.3d 902] (*Blum*); Gov. Code, §§ 12960, subd. (b), 12965,

---

[2] The trial court did not rule on the parties' evidentiary objections, but no one argues on appeal that any of the evidentiary objections should have been sustained.

subd. (b).) Specifically, Government Code section 12960, subdivision (b) provides: "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the department."

The question of who may verify a DFEH complaint was addressed in *Blum, supra,* 141 Cal.App.4th 418. The DFEH form complaint filed on the plaintiff's behalf in that case contained the following printed statement: " 'I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matter[s] I believe it to be true.' " (*Id.* at p. 425.) The form contained a line for " 'COMPLAINANT'S SIGNATURE.' " (*Ibid.*) The attorney subscribed his own name and wrote beneath the signature line, " 'LAW OFFICES OF MARK WEIDMANN ON BEHALF OF BARRY BLUM.' " (*Ibid.*)

The *Blum* court reasoned that Government Code section 12960, subdivision (b) does not expressly require that the complainant personally verify the information in the complaint, nor does DFEH require complaints to be filed only on personal knowledge. (*Blum, supra,* 141 Cal.App.4th at pp. 422, 425.) It approved the practice of attorney verification of a DFEH complaint for a client, so long as the attorney signs the complaint with his or her own name, rather than the client's name. (*Id.* at p. 428.) The court cautioned attorneys "about verifying such complaints unless they believe the allegations made therein to be true and they are acting in good faith as they are subject to penalties for perjury if they sign their name to DFEH complaints." (*Ibid.*)

In 2008, DFEH announced its online automated system for issuing right-to-sue letters, "designed for complainants with private counsel who wish to proceed directly to court on employment discrimination, harassment and retaliation complaints."[3] The automated system required input of the name of the complainant, address, and telephone number, as well as information about the employer and other defendants. A screen titled "Signing under Penalty of Perjury" contained the statement, "By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California

---

[3] The evidence and arguments regarding DFEH's online automated complaint system were first presented in relation to Rickards's motion for a new trial.

that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true." Rickards's attorney clicked "CONTINUE" on this screen. The same declaration appeared on the electronically generated complaint that the attorney printed out. The automated system did not prompt input of the attorney's name on the complaint, nor did it provide for a physical signature.

With the exception of the introductory phrase "By submitting this complaint, I am declaring . . . ," the declaration on the electronically filed complaint in this case was the same as the one printed on the paper form used in *Blum*. But unlike the paper complaint in *Blum*, the online complaint did not have a line for "COMPLAINANT'S SIGNATURE."

In 2010, DFEH proposed regulations designed to replace its procedures of general application for processing discrimination complaints, known as "DFEH Directives." (Cal. Reg. Notice Register 2010, No. 8-Z, pp. 269–270.) The regulations became effective in 2011. Several of them make clear that an online verified complaint need not be signed. (Cal. Code Regs., tit. 2, §§ 10001, subd. (u) [" 'Verified complaint' means a complaint submitted to the department with the complainant's oath or affidavit stating that to the best of his or her knowledge, all information contained in the complaint is true and correct, except matters stated on information and belief, which the complainant declares he or she believes to be true. To be 'verified' a complaint filed with the department need not be signed; verification need only confirm the truth of the allegations submitted, including by submitting the allegations under penalty of perjury."], 10002, subd. (a)(9) ["complaints filed electronically need not be signed; complaints filed electronically shall state that by submitting the complaint, the complainant declares under penalty of perjury under the laws of the State of California that to the best of his or her knowledge, all information stated in the complaint is true and correct, except matters stated on information and belief, which the complainant declares he or she believes to be true"], 10005, subd. (d)(9) [same].)

■ UPS does not challenge the holding in *Blum*, the validity of DFEH's online complaint procedure, or the 2011 regulations. It only argues the regulations do not dispense with the requirement that an attorney may verify a DFEH complaint only by signing his or her own name, and if the regulations do dispense with the signature requirement for online complaints, they do not apply retroactively. The 2011 regulations confirm what DFEH's automated system for online complaints has permitted since 2008—that verification of online complaints is permissible without a physical signature.

Under *Blum*, attorneys may verify DFEH complaints so long as they personally are subject to penalties for perjury. (*Blum, supra*, 141 Cal.App.4th at p. 428.) Since online complaints were not at issue in that case, the court did not address how an attorney goes about verifying such a complaint.

■ Under the Uniform Electronic Transactions Act (Civ. Code, § 1633.1 et seq.), an electronic record satisfies the requirement that a record be in writing. (*Id.*, § 1633.7, subd. (c).) "An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner . . . ." (*Id.*, § 1633.9, subd. (a).) In the same way, the attorney's verification of an online complaint is the act of the attorney.

The instructions on DFEH's automated system make clear that requests for an immediate right-to-sue letter are accepted from complainants who have decided to go directly to court without an investigation by DFEH, and such a decision is advisable only if the complainant has an attorney. The right-to-sue letter that can be immediately printed after inputting information into the automated system is accompanied by a notice to the complainant's attorney. Since the system is essentially intended to be used by complainants who have counsel, such complainants should not be penalized for retaining counsel. (*Blum, supra*, 141 Cal.App.4th at p. 428.)[4]

■ We conclude that the attorney verification of the online DFEH complaint in this case was sufficient. UPS is not entitled to summary judgment on the ground that Rickards failed to fulfill a jurisdictional prerequisite to filing a FEHA lawsuit.

C.  *The FEHA Disability Claims*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[4] We suggest that, to remove any confusion, DFEH consider modifying its automated system to allow input of the name of complainant's counsel on the online form complaint.

[*] See footnote, *ante*, page 1523.

## DISPOSITION

The summary judgment in favor of UPS and the order awarding Esqueda attorney fees are affirmed. Esqueda is entitled to his costs on appeal. Rickards and UPS are to bear their own costs.

Willhite, J., and Manella, J., concurred.