NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSI GODINEZ, an individual, | No. 16-56339 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-01652-RSWL-SS |
| v. | |
| ALTA-DENA CERTIFIED DAIRY, LLC, a limited liability company and DOES, 1-20 inclusive, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted February 8, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,**
District Judge.

Alta-Dena Certified Dairy, LLC appeals the district court's judgment,

following a jury trial, in favor of Rosi Godinez. Godinez filed a wrongful

termination action after Alta-Dena fired her. The district court awarded $544,505

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

in damages, $557,150 in statutory attorneys' fees, and $19,456.75 in expert fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that there is no basis for setting aside the verdict, nor is there any reversible error.

1. The district court properly awarded front pay as an equitable remedy under California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, 12945, and the amount of front pay awarded by the jury was not excessive. *See Boehm v. Am. Broad. Co.,* 929 F.2d 482, 488 (9th Cir. 1991); *Horsford v. Bd. of Trs. of Cal. State Univ.,* 33 Cal. Rptr. 3d 644, 666-67 (Ct. App. 2005).

2. The district court did not err in using a general verdict rather than a specific verdict form, as such a decision is generally left to the sound discretion of the court. *See Floyd v. Laws,* 929 F.2d 1390, 1395 (9th Cir. 1991); *Landes Constr. Co. v. Royal Bank of Can.,* 833 F.2d 1365, 1374 (9th Cir. 1987).

3. The front and back pay damages were not too speculative, as the evidence supported such awards.

4. Godinez exhausted her administrative remedies as determined by the district court. *See Rickards v. United Parcel Serv., Inc.,* 142 Cal. Rptr. 3d 916, 919-20 (Ct. App. 2012)*; Blum v. Superior Court,* 45 Cal. Rptr. 3d 902, 909 (Ct. App. 2006).

5. The evidence was conflicting regarding the existence of an accommodation offer, and there was substantial evidence to support the jury's

finding. The record and instructions, taken as a whole, support the district court's response to the jury question. *See Swinton v. Potomac Corp.,* 270 F.3d 794, 807 (9th Cir. 2001).

6. Substantial evidence supported the district court's and jury's findings and determinations on all of the remaining claims. *See Hangarter v. Provident Life & Accident Ins.,* 373 F.3d 998, 1008 (9th Cir. 2004).

7. In awarding attorneys' fees, the district court did not clearly err in its factual findings or abuse its discretion in determining the amount. *See Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1147-48 (9th Cir. 2001) (per curiam).

**AFFIRMED.**